**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 SW Columbia Street, Ste. 900
Portland, Oregon 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 740 WELFARE FUND, TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND, TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT FUND, TRUSTEES OF THE GLAZING INDUSTRY PROMOTION FUND and GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL 740,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALL CITY GLASS OF OREGON LLC and DOUGLAS T. WELLS,<br><br>    Defendant. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement, Violation of ERISA and Conversion) |

Page 1 – **COMPLAINT**

Plaintiffs allege:

I

**THE PARTIES**

1.　Plaintiffs are the Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 740 Welfare Fund (Health Fund), the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship and Journeyman Training Fund (Training Fund), the Western Glaziers Retirement Fund (Pension Fund), the Glazing Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and the Glaziers, Architectural Metal and Glass Workers Local 740 (Union).

2.　The Health Fund, Training Fund and Pension Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Training Fund and Pension Fund have discretionary authority and control over the management of the said funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.　The Union is a labor organization with its principal office and place of business in Portland, Oregon.

4.　Defendant All City Glass of Oregon LLC ("Defendant ACG") is an Oregon limited liability company. At all times material to this proceeding (October 2019 through October 2020), Defendant ACG has been an "employer" as that term is defined in 29 U.S.C. §

Page 2 – **COMPLAINT**

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074

152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

5.     At all times material to this proceeding (October 2019 through October 2020), Defendant Douglas T. Wells ("Defendant Owner") has been the manager and owner of Defendant ACG.

II

**JURISDICTION**

6.     The Court has jurisdiction over the First Claim for Relief brought against Defendant ACG for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7.     At all times material to this proceeding (October 2019 through October 2020), Defendant ACG has been bound by a collective bargaining agreement with the Union as described below. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant ACG affect commerce. The Court has jurisdiction over the First Claim for Relief brought by each Plaintiff against Defendant ACG pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

8.     For the following reasons and pursuant to 28 U.S.C. § 1367(a), the Court should assume supplemental jurisdiction over the Second Claim for Relief brought by the Union against Defendant Owner which alleges conversion:

   a.     The Court has jurisdiction over the First Claim for Relief against Defendant ACG which alleges violations of ERISA and the LMRA;

Page 3 – **COMPLAINT**

b. The action for conversion in the Second Claim for Relief is based on the same operative facts that are alleged in Plaintiffs' First Claim for Relief; and

c. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises supplemental jurisdiction over the Union's Second Claim for Relief against Defendant Owner.

III

**JOINDER**

9. The obligations of Defendants to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each Plaintiff has against Defendants.

IV

**FACTUAL BACKGROUND**

10. At all times material herein (October 2019 through October 2020), Defendant ACG was bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant ACG agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant ACG further agreed to pay fringe benefit contributions and union dues on behalf of its employees performing work covered by the collective bargaining agreement. Defendant ACG further agreed to file monthly remittance report forms and to pay the contributions and dues to Plaintiffs by the 20th day of the month following the month in which the work was performed.

11. The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, interest shall be assessed on the delinquent or late-paid contributions at the rate of 12% per annum from the due date, until paid.

The Union is entitled to recover interest on delinquent or late-paid dues at the rate of 9% per annum from the due date, until paid, pursuant to ORS 82.010.

12. The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, liquidated damages shall be assessed in amount equal to 10% of the delinquent or late-paid contributions, or $20.00, whichever amount is greater.

13. The collective bargaining agreement provides that each signatory employer must pay, in the form of vacation contributions, 7.6% of all straight-time earnings for its employees' compensable hours worked up to a maximum of 40 hours per week. Those funds are to be deposited as vacation pay into a credit union on behalf of each individual employee of the signatory employer; in this case, Defendant ACG. The Union is the exclusive bargaining representative for its members for purposes of collecting these vacation contributions. As such, the Union has the authority and standing to collect the vacation contributions on behalf of Defendant ACG's employees.

14. The collective bargaining agreement provides that the vacation contributions are due by the 20th day of the month following the month in which the work is performed. The collective bargaining agreement further provides that, if the vacation contributions are not timely paid, interest shall be assessed thereon at 12% per annum from the due date, until paid, and that liquidated damages shall be assessed in amount equal to 10% of the delinquent or late-paid contributions, or $20.00, whichever amount is greater.

/// ///

/// ///

/// ///

Page 5 – **COMPLAINT**

BROWNSTEIN | RASK LLP
1 SW COLUMBIA STREET // SUITE 900
PORTLAND, OR 97204
P 503.221.1772 F 503.221.1074

V

**FIRST CLAIM FOR RELIEF**

15.  Defendant ACG has failed to pay all its fringe benefit contributions and union dues for the months of October 2019 through October 2020, and the time for doing so has passed. After accounting for a partial payment, Defendant ACG owes the following amounts to Plaintiffs: $24,992.06 in fringe benefit contributions and union dues, $3,646.66 in liquidated damages, and $1,467.81 in interest calculated through February 3, 2021, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($22,415.21) at the rate of 12% per annum from February 4, 2021, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($2,576.85) at the rate of 9% per annum from February 4, 2021, through entry of judgment.

16.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant ACG pursuant to the terms of the Trust Agreements.

17.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant ACG pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

VI

**SECOND CLAIM FOR RELIEF**

18.  The Union hereby realleges and incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

19.  Under the terms of the collective bargaining agreement between the Union and Defendant ACG, the latter withheld money from the pay of its employees performing work covered by the collective bargaining agreement for the months of October 2019 through October 2020 for union dues and vacation contributions to be paid to the Union. The union dues and

vacation contributions withheld for those months which have not been paid to the Union total $6,208.84. Defendant ACG had a contractual obligation to forward the union dues and vacation contributions to the Union. After the union dues and vacation contributions were withheld from the employees' pay, Defendant Owner exercised authority and control over these funds by virtue of his position as the manager and owner of Defendant ACG.

20. This action by Defendant Owner interfered with the right of the Union to obtain the union dues and vacation contributions owed for the months of October 2019 through October 2020. As a result of this conversion, the Union is entitled to recover from Defendant Owner the sum of $6,208.84 in union dues and vacation contributions.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendants as follows:

1. On the **First Claim for Relief**, requiring Defendant ACG to pay the following amounts to Plaintiffs: $24,992.06 in fringe benefit contributions and union dues, $3,646.66 in liquidated damages, and $1,467.81 in interest calculated through February 3, 2021, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($22,415.21) at the rate of 12% per annum from February 4, 2021, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($2,576.85) at the rate of 9% per annum from February 4, 2021, through entry of judgment;

2. On the **Second Claim for Relief**, requiring Defendant Owner to pay the sum of $6,208.84 in union dues and vacation contributions;

3. Requiring Defendant ACG to pay the Trust Funds' reasonable attorney fees;

///   ///

///   ///

///   ///

4.  Requiring Defendants, jointly and severally, to pay Plaintiffs' costs and disbursements incurred herein; and

5.  For such further equitable relief as the Court deems just and proper.

DATED this 22nd day of July 2021.

BROWNSTEIN RASK LLP

_____
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs
