UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 740 WELFARE FUND, TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND, TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT FUND, TRUSTEES OF THE GLAZING INDUSTRY PROMOTION FUND, AND GLAZIERS, ARCHITECTURAL METAL, and GLASS WORKERS LOCAL 740, | Case No. 3:21-cv-01084-AR  FINDINGS AND RECOMMENDATION |

    Plaintiffs,

v.

ALL CITY GLASS OF OREGON LLC and DOUGLAS T. WELLS,

    Defendants.

_____

Page 1 – FINDINGS AND RECOMMENDATION

ARMISTEAD, Magistrate Judge:

*Introduction*

The above-named plaintiffs (collectively "Trustees") bring this action against defendants All City Glass of Oregon LLC ("ACG") and Douglas T. Wells ("Wells"). They sue under the Employee Retirement Income Security Act of 1974 (" ERISA") and the applicable collective bargaining agreement ("CBA") for the collection of unpaid contributions, liquidated damages, attorney fees, and costs. Currently before the court is Trustees' Motion for Default Judgment under Federal Rule of Civil Procedure ("Rule") 55(b). For the following reasons, the court recommends granting the motion.

*Background*

Plaintiffs are the Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 740 Welfare Fund ("Health Fund"), the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship and Journeyman Training Fund ("Training Fund"), the Western Glaziers Retirement Fund ("Pension Fund"), the Glazing Industry Promotion Fund ("Promotion Fund") (collectively, "Trust Funds") and the Glaziers, Architectural Metal and Glass Workers Local 740 (the "Union"). Defendant ACG is an Oregon limited liability company and Wells is the manager and owner of ACG. ACG is a signatory to a CBA with the Union, which incorporates terms and conditions of the Trust Agreements that created the Trust Funds.

The Trust Agreements require ACG to pay fringe benefit contributions and union dues for employees covered by the CBA, and to make such payments each month. The Trust Agreements provide that, if ACG does not make timely contributions, it is liable for: (1) the late fringe benefit contributions; (2) 12 percent interest annually from the due date until paid; and (3)

Page 2 – FINDINGS AND RECOMMENDATION

liquidated damages of 10 percent of the delinquent or late-paid contributions or $20.00, whichever is greater.

The CBA provides that ACG must pay, in the form of vacation contributions, 7.6 percent of all straight-time earnings for its employees' compensable hours worked up to a maximum of 40 hours per week. Wells, as ACG's owner, is to deposit the vacation contributions into a credit union on behalf of each individual employee. The CBA provides if the vacation contributions are not timely remitted, ACG is liable for the unpaid contributions plus interest at 12 percent from the due date, plus liquidated damages equal to 10 percent of the delinquent or late-paid contributions, or $20.00, whichever is greater. Additionally, if ACG and Wells do not remit union dues on time, they are liable for the unpaid dues, plus interest at 9 percent annually on the delinquent or late-paid dues. The CBA also permits Trustees to recover reasonable attorney fees and costs.

Trustees filed their complaint for ERISA violations, CBA violations, and conversion on July 22, 2021. In their first claim, Trustees contend that ACG failed to pay all fringe benefit contributions and union dues for the months of October 2019 through October 2020. Trustees seek to recover $22,415.21 in fringe benefit contributions and union dues, $3,646.66 in liquidated damages, and $1,467.81 in interest calculated through February 3, 2021, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($22,415.21) at the rate of 12% per annum from February 4, 2021, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($2,576.85) at the rate of 9% per annum from February 4, 2021, through entry of judgment. In their second claim, Trustees claim that, under the CBA, ACG withheld monthly from the pay of its employees for union dues and vacation contributions, but that Wells has not paid those sums to the Union. Trustees seek

Page 3 – FINDINGS AND RECOMMENDATION

$6,208.84 in union dues and vacation contributions for conversion from Wells. Trustees seek to require ACG to pay the Trust Funds' reasonable attorney fees, and for Wells and ACG to be held jointly and severally liable for Trustees' costs and disbursements.

Plaintiffs served process on ACG and Wells on August 2, 2021. ACG and Wells did not file responsive pleadings. On October 4, 2021, Trustees moved for an entry of default, which the court granted on October 5, 2021. On November 3, 2021, Trustees reported that the matter had settled. However, on January 3, 2022, Trustees moved to reinstate the case because the contemplated settlement was not consummated. On February 18, 2022, Trustees filed this motion for default judgment.

*Legal Standards*

Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed to timely plead or otherwise defend an action. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon default, the court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quotation omitted); *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (providing the general rule that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Where the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the court may conduct hearings to effectuate a judgment as needed to conduct an accounting, ascertain damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2)(A-D). A sum is certain when "no doubt remains as to the amount

Page 4 – FINDINGS AND RECOMMENDATION

to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004).

"Rule 55 provides that 'after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant.'" *Glacier Films (USA), Inc., v. Tenorio*, Case No. 3:15-cv-01729-SB, 2016 WL 3766465, at *1 (D. Or. June 22, 2016) (quoting *FirstBank P.R. v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010)). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Glacier Films*, 2016 WL 3766465, at *1. The *Eitel* factors are: (1) the possibility of prejudice to plaintiffs; (2) the merits of plaintiffs' substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The court's analysis begins with "the general rule that default judgments are ordinarily disfavored." *Id.* at 1472 (citation omitted).

*Discussion*

I.     The *Eitel* Factors

The court finds that all the *Eitel* factors weigh in favor of entering a default judgment. Trustees will be prejudiced if the court does not enter default judgment because ACG and Wells's failure to respond to the complaint leaves Trustees with no alternative avenues of redress. *See Boards of Trustees of AGC-Operating Engineer Health & Welfare Fund*, Case No. 3:19-cv-0621-SI, 2019 WL 4567578, at *2 (D. Or. Sept. 20, 2019) (finding failure to enter default judgment would prejudice plaintiffs because they would be without avenue of

Page 5  – FINDINGS AND RECOMMENDATION

resolution). The facts alleged in the complaint, which the court accepts as true, are sufficient to support plaintiffs' claims. The CBA requires ACG and Wells to pay fringe benefit contributions to the Trust Funds and to pay union dues, and they have failed to do so in a timely manner. Trustees request total damages of $30,106.53, plus attorney fees and costs of $5,164.45. Trustees have provided extensive documentation describing how they arrived at this damages figure. Additionally, the amount is not unreasonable given the seriousness of ACG and Wells's conduct. There is no room for a "dispute concerning material facts." *Eitel*, 782 F.2d at 1471-72. The court must accept Trustees' factual allegations because default has already been entered. Trustees also provided evidence on the amount of damages. It is unlikely that the default was due to excusable neglect—ACG and Wells were served with process, the parties attempted to settle, but ultimately were unsuccessful. Finally, although policy disfavors default judgments, judgment on the merits is impossible where ACG and Wells have not answered or made a responsive pleading. Thus, the *Eitel* factors favor entry of a default judgment in this case.

II.    Damages

The court does not accept as true allegations relating to damages. *TeleVideo Sys.*, 826 F.2d at 917-18. Trustees must prove the amount of damages. To support their damages figure, Trustees submitted the declaration of Jerry Fisher ("Fisher Decl."), a trustee for the Pension Fund and Training Fund, and the declaration of Cary Cadonau ("Cadonau Decl."), one of Plaintiffs' attorneys, along with several exhibits.

Fisher describes that he is primarily responsible for monitoring and enforcing the payment of fringe benefit contributions and union dues to the Trustees. Fisher Decl. ¶¶ 1-2, ECF No. 19. Fisher provides that employers who are signatories to the compliance agreement, like ACG, are required to abide by the CBA and pay fringe benefit contributions on behalf of covered

Page 6 – FINDINGS AND RECOMMENDATION

employees to the Trust Funds. *Id.* at ¶ 3. Relating to damages, Fisher discusses the requirement in the various agreements relating to interest, liquidated damages, costs, and attorney's fees. *Id.* at ¶¶ 5-10. Cadonau provides that he worked with an accountant to prepare Exhibit A, which breaks down the fringe benefit contributions, union dues, interest, and liquidated damages owed by ACG and Wells for the months of October 2019 through October 2020. Cadonau Decl. Ex. A, ECF No. 4. The combination of the amounts due and the procedure for calculating damages is adequate proof of damages for contributions, liquidated damages, and interest. Thus, there is no doubt as to the amount to which Trustees are entitled as a result of ACG and Wells's default. Because the contributions and dues are a "sum certain," default judgment should be entered.

III.     Attorney Fees

Attorney fees are not a "sum certain" calculation; however, where a contract or statute calls for "reasonable attorney fees" the court must determine what is reasonable. *See Trustees of Glaziers, Architectual Metal and Glass Workers Joint Apprenticeship & Journeyman Training Fund v. Highland Glass, LLC*, Case No. 3:17-cv-01446-YY, 2018 WL 1710440, at *2 (D. Or. Apr. 6, 2018). Here, the CBA, the Trust Agreements, and § 502(g)(2)(D) of ERISA all provide for payment of attorney fees and costs by ACG and Wells. Fisher Decl. ¶ 10; Cadonau Decl. ¶¶ 8-9. Courts determine what is reasonable by utilizing the lodestar calculation, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993). The party seeking an award of fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Similarly, the fee applicant has the burden of proving that the requested

hourly rate is reasonable. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Here, Trustees' attorney expended 19.75 hours on this case and at an hourly rate of $225, for a total of $4,443.75. Cardonau Decl. Ex. B, ECF No. 18. The court finds the hourly rate reasonable considering counsel's extensive experience in this area. Additionally, the court has reviewed the billing invoice submitted by counsel and finds the hours expended are reasonable and no reductions are warranted. Finally, the court finds the costs of $720.70 submitted by counsel (filing fee of $402.00; service fees of $104.85 (ACG) and $193.85 (Wells); and prevailing party fee of $20.00) are also reasonable and necessary. Therefore, the attorney fees and costs are reasonable and should be awarded.

*Conclusion*

For the reasons stated, the district judge should GRANT the Trustees' Motion for Default Judgment (ECF No.17) and award the following in damages:

1. Against ACG on Claim One: $24,992.06 in fringe benefit contributions and union dues, $3,646.66 in liquidated damages, $1,467.81 in interest calculated through February 3, 2021, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($22,415.21) at the rate of 12% per annum from February 4, 2021, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($2,576.85) at the rate of 9% per annum from February 4, 2021, through entry of judgment;

2. Against Wells on Claim Two: $5,110.43 in union dues and vacation contributions (which amount is included as part of the $24,992.06 in fringe benefit contributions and union dues sought against All City Glass of Oregon LLC in Claim One);

Page 8 – FINDINGS AND RECOMMENDATION

3.      Attorney fees in an amount of $4,443.75 against ACG;

4.      An award of $702.70 in costs against ACG and Wells, jointly and severally; and

5.      The right to conduct future payroll examinations of ACG books and records to ensure compliance with fringe benefit and union due payment compliance, and to institute legal proceedings to recover any delinquent contributions and/or union dues, plus attorney fees and costs.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED May 18, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge