IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TRUSTEES OF THE GLAZIERS, ARCHITECTURLA METAL AND GLASS WORKERS LOCAL UNION NO. 740 WELFARE FUND**, et al.,

        Plaintiffs,

v.

**ALL CITY GLASS OF OREGON LLC**, et al.,

        Defendants.

Case No. 3:21-cv-01084-AR

OPINION AND ORDER

**MOSMAN, J.,**

On May 18, 2022, Magistrate Judge Jeffrey Armistead issued his Findings and Recommendation ("F. & R.") [ECF 22]. Judge Armistead recommends that I grant the Trustees' Motion for Default Judgment [ECF 17] and award damages as the F. & R. describes. Objections were due to the Court on June 1, 2022, but none were filed. I agree with Judge Armistead.

### STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## CONCLUSION

Upon review, I agree with Judge Armistead's recommendation. I ADOPT the F. & R. [ECF 22] as my own opinion. I GRANT the Trustee's Motion for Default Judgment [ECF 17] and award the following damages: (1) Against All City Glass of Oregon (ACG) on Claim One: $24,992.06 in fringe benefit contributions and union dues, $3,646.66 in liquidated damages, $1,467.81 in interest calculated through February 3, 2021, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($22,415.21) at the rate of 12% per annum from February 4, 2021, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($2,576.85) at the rate of 9% per annum from February 4, 2021, through entry of judgment; (2) Against Douglas T. Wells on Claim Two: $5,110.43 in union dues and vacation contributions (which amount is included as part of the $24,992.06 in fringe benefit contributions and union dues sought against ACG in Claim One); (3) Attorney fees in an amount of $4,443.75 against ACG; (4) An award of $702.70 in costs against ACG and Wells, jointly and severally; and (5) The right to conduct future payroll examinations of ACG books and records to ensure compliance with fringe benefit and union due payment compliance, and to

2 – OPINION AND ORDER

institute legal proceedings to recover any delinquent contributions and/or union dues, plus attorney fees and costs.

    IT IS SO ORDERED.

    DATED this 2⟋ day of June, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER